Terry A. Talle, appellee, v.
Nebraska Department of Social Services, appellant.
572 N.W. 2d 790

Filed January 23, 1998.    No. S-96-272.

Don Stenberg, Attorney General, and Royce N. Harper for appellant.

Michaelle Behrns and, on brief, Steven D. Burns, of Burns & Associates, P.C., for appellee.

CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

CAPORALE, J.

## I. STATEMENT OF CASE

This is the second time this State Tort Claims Act case appears in this court. In *Talle v. Nebraska Dept. of Soc. Servs.*, 249 Neb. 20, 541 N.W.2d 30 (1995) (*Talle I*), we affirmed the district court's summary judgment in favor of Terry A. Talle, the plaintiff-appellee therein as well as in the present case, on the issue of the liability of the defendant-appellant, Nebraska Department of Social Services, but reversed the district court's award of damages in the amount of $142,600 because of an error in the admission of certain evidence upon which it had relied. Following a new trial on the sole issue of damages, the district court awarded Talle the sum of $192,600, and this appeal followed. The department asserts, in summary, that the district court erred in (1) excluding certain evidence and (2) assessing the amount of damages. We affirm.

## II. FACTS

At the new trial on the issue of damages, the evidence from the original trial was admitted by stipulation, except for that held inadmissible in *Talle I*, and both parties also presented additional evidence.

Dr. Melvin Canell, a psychologist who had treated Talle prior to the first trial and had testified therein as to her psychological

condition, testified that he resumed treating Talle in the fall of 1995 after she moved back to the North Platte area. He found that she had regressed significantly, and he treated her intensively and frequently.

Canell attributed some of the regression to Talle's learning that Ronald Heinen, the foster child who had assaulted her, was living and working in North Platte. Canell was also of the view that conditions related to the holiday season were exacerbating her condition, which had become acute enough that in addition to continuing frequent therapy, he sent her to a psychiatrist who prescribed medication. There was also evidence that Talle had difficulty holding a job and that she had gone through a divorce.

Canell concluded, "[A]t this point it would be less than promising than I thought it was a number of years ago. And because of the manner in which she waxes and wanes in her general functioning I think that the prognosis at best would be guarded."

The department called Dr. Eli Chesen, a psychiatrist, who testified that in his opinion Talle suffered from depression and a mixed personality disorder, but did not suffer from posttraumatic stress disorder.

The district court awarded damages of $27,000 for therapy and counseling, $15,600 for lost wages, and $150,000 for past and future pain and suffering.

## III. ANALYSIS

### 1. EXCLUSION OF EVIDENCE

The claim in this first assignment of error, that the district court erred in excluding evidence, focuses on the rulings based on its conclusion that the type of damages suffered by Talle had already been determined, and, thus, further inquiry into that issue was foreclosed. In reviewing this assignment of error, we are bound by the rule that in proceedings where the rules of evidence apply, the admission of evidence is controlled by rule and not by judicial discretion, except where judicial discretion is a factor involved in assessing admissibility. *Anderson/Couvillon v. Nebraska Dept. of Soc. Servs., ante* p. 813, 572 N.W.2d 362 (1998). At one point, the district court noted that Chesen could testify as to the general definition of posttraumatic stress disor-

der and that if he testified that Talle "doesn't have that, that's fine." However, the district court later clarified, "[T]his Court long ago determined that there was [posttraumatic] stress. . . . If you want to have him testify now that she's not suffering from this, that's fine. But if he's going to say that she never suffered from it, that's not admissible. That issue I decided."

The department argues that it was error to hold that it was foreclosed from questioning the diagnosis of the disorder, urging that "[t]he judge's rulings prevented all testimony from [Chesen] concerning his experience in dealing with [posttraumatic] stress, whether [Talle] had [posttraumatic] stress at all, and why." Brief for appellant at 11. But that characterization overlooks that the district court's ruling gave the department the opportunity to submit expert testimony that Talle no longer suffered from the disorder and why that was so.

In *Talle I*, we explicitly recited that Talle was suffering from the disorder as well as from depression as a result of the department's and Heinen's acts, and thus impliedly ruled that the district court's findings in those regards were correct. Under the law-of-the-case doctrine, the holdings of an appellate court on questions presented to it in reviewing proceedings of the trial court become the law of the case; as a result, those holdings conclusively settle, for purposes of that litigation, all matters ruled upon, either expressly or by necessary implication. See, *Latenser v. Intercessors of the Lamb, Inc.*, 250 Neb. 789, 553 N.W.2d 458 (1996); *Pendleton v. Pendleton*, 247 Neb. 66, 525 N.W.2d 22 (1994). The doctrine operates to preclude a reconsideration of substantially similar, if not identical, issues at successive stages of the same suit. *In re Application of City of Lincoln*, 243 Neb. 458, 500 N.W.2d 183 (1993). In other words, all matters which expressly or by necessary implication are adjudicated by an appellate court become the law of the case on remand for a new trial and will not be considered again unless it is shown that the facts presented at the second trial are materially and substantially different from the facts presented at the first trial. *McKinstry v. County of Cass*, 241 Neb. 444, 488 N.W.2d 552 (1992). The burden of showing the material and substantial difference in the facts is on the party asserting the difference. *Tank v. Peterson*, 228 Neb. 491, 423 N.W.2d 752 (1988).

The department argues that Chesen's opinion that Talle did not and does not suffer the disorder constitutes sufficient substantially and materially different facts as to make the doctrine inapplicable. However, in this context an opinion is not a fact. There were no new facts presented at the second trial as to the injury to Talle, only evidence as to her present condition and diagnosis. An expert's opinion that contradicts other expert testimony does not put new facts before the court.

Thus, while the department could question the extent of the disability Talle suffered due to the disorder, it was precluded from attempting to adduce evidence that she did not suffer from posttraumatic stress syndrome at the time of the first trial and therefore was barred from offering evidence that Talle never suffered the disorder.

The question therefore becomes whether the district court erred in its rulings relating to questions concerning Talle's condition after the first trial.

The first objection to this line of questioning was sustained as Chesen was beginning to recite his military experience with the disorder. As no offer of proof was made, it is unclear from Chesen's preliminary remarks whether he was tying his experience into his diagnosis that Talle never suffered from the disorder or whether it would tie in strictly with the post-first-trial period (or indeed whether it would tie in at all, there being considerable difference between combat shock and the shock of being assaulted by a teenage boy in one's foster care). Error may not be predicated upon a ruling of a trial court excluding testimony of a witness unless the substance of the evidence to be offered by the testimony was made known to the trial judge by offer or was apparent from the context within which the questions were asked. *Anderson/Couvillon v. Nebraska Dept. of Soc. Servs., ante* p. 813, 572 N.W.2d 362 (1998). In order to predicate error upon a ruling of the court refusing to permit a witness to testify, or to answer a specific question, the record must show an offer to prove the facts sought to be elicited. *Id.*

An objection was also sustained to Chesen's discussing the disorder in a criminal context. Again, in the absence of an offer of proof, it is not clear as to which diagnosis the discussion would relate.

The department did make an offer of proof after a subsequent objection to relevancy was sustained. As part of the offer of proof, Chesen testified that in his experience the disorder results only from situations in which there is a potential for loss of life and not from day-to-day experiences with a teenager who is out of control, violent, or very difficult to contain. As this testimony supports the conclusion that Talle never suffered from the disorder, it was barred by the law-of-the-case doctrine.

The department also complains that its question as to whether it would be consistent with Chesen's experience "that [posttraumatic] stress does not come from the ordinary day-to-day circumstances of raising teenagers" was deemed to be suggestive and leading. But even if sustaining the objection on the ground stated was error, the error did not prejudice the department, for Chesen was permitted to testify, without objection, that the disorder normally is precipitated by an event, generally very frightening, that is outside of normal human experience, such as occurs on the battlefield. See *Kunkel v. Cohagen*, 151 Neb. 774, 39 N.W.2d 609 (1949) (error in exclusion of testimony of no avail if same testimony or testimony to same effect has been or was afterward allowed to be given by witness).

Accordingly, for each of the foregoing reasons, there is no merit to this assignment of error.

## 2. ASSESSMENT OF DAMAGES

In the second assignment of error, the department asserts that the district court merely relabeled the hedonic damages held to be not recoverable in *Talle I* as recoverable for pain and suffering and, further, that the addition of $50,000 to the amount awarded in the first trial so "shocks the conscience" as to require reversal. Brief for appellant at 26. We review the issues presented by this assignment under the rule that on questions of law, a reviewing court has the obligation to reach its own conclusions independent of those reached by the lower courts. *Anderson/Couvillon v. Nebraska Dept. of Soc. Servs., ante* p. 813, 572 N.W.2d 362 (1998). However, on an appeal from a judgment rendered in an action brought under the State Tort Claims Act, Neb. Rev. Stat. § 81-8,209 et seq. (Reissue 1987 &

Cum. Supp. 1990), the findings of the trial court will not be disturbed unless clearly wrong. *Id.*

It is true that when a cause is remanded with specific directions, the court to which the mandate is directed has no power to do anything but to obey the mandate. The order of the appellate court is conclusive on the parties, and no judgment or order different from, or in addition to, that directed by the appellate court can be entered by the trial court. *Id.*

We wrote in *Talle I* that " 'while consideration of loss of the enjoyment of life may properly be considered as it relates to pain and suffering, and to disability, it is improper to treat it as a separate category of nonpecuniary damages.' " 249 Neb. at 25, 541 N.W.2d at 34. Thus, the district court's judgment in *Talle I* was reversed in part because it was predicated on the existence of hedonic damages, which is not recognized in this jurisdiction as a separate category of damages.

It must be borne in mind that at the time of the second trial, Talle had been undergoing therapy at least off and on since February 1991. Evidence that she had not made substantial progress during that time despite her treatment is strong evidence of the seriousness of her condition. Moreover, it was evidence the district court did not have, indeed, could not have had, at the time of the first trial. Under that state of the record, we cannot say that the district court's award for past and future pain and suffering is clearly wrong, nor can we conclude that the district court merely relabeled the nature of the damages it was awarding.

This brings us to the question of the total amount of damages, a matter which is one solely for the fact finder, whose action in this respect will not be disturbed on appeal if it is supported by evidence and bears a reasonable relationship to the elements of damages proved. *Anderson/Couvillon, supra.*

An award of damages may be set aside as excessive or inadequate when, and not unless, it is so excessive or inadequate as to be the result of passion, prejudice, mistake, or some other means not apparent in the record. *Id.* If an award of damages shocks the conscience, it necessarily follows that the award was the result of passion, prejudice, mistake, or some other means not apparent in the record. See *id.*

Given the evidence adduced at the new trial concerning the nature of Talle's condition, we cannot say the district court's award is so excessive as to shock the conscience.

Thus, this assignment, too, is without merit.

## IV. JUDGMENT

As first noted in part I, the judgment of the district court is affirmed.

AFFIRMED.

WHITE, C.J., participating on briefs.