BIG JOHN'S BILLIARDS, INC.,
A NEBRASKA CORPORATION, APPELLEE, V.
M. BERRI BALKA, IN HIS OFFICIAL CAPACITY AS
STATE TAX COMMISSIONER FOR THE
STATE OF NEBRASKA, ET AL., APPELLANTS.

619 N.W.2d 444

Filed November 17, 2000. No. S-99-1291.

Don Stenberg, Attorney General, and L. Jay Bartel for appellants.

Sheldon J. Harris and Brent M. Kuhn, of Harris, Feldman Law Offices, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE
The State of Nebraska, Department of Revenue; M. Berri Balka, the former State Tax Commissioner; and his successor,

Mary Jane Egr (collectively the Department), appeal the order of the district court for Lancaster County reversing the commissioner's order which had sustained a deficiency assessment for sales tax on the receipts from hourly fee pool tables owned and operated by Big John's Billiards, Inc. (Big John's). We reverse the judgment of the district court and remand the cause with directions to reinstate the order of the commissioner.

## STATEMENT OF FACTS

Big John's owns and operates entertainment centers equipped with pool tables, some of which are coin operated and some of which are paid for on an hourly fee basis. Big John's was licensed by the State of Nebraska to operate mechanical amusement devices pursuant to the Mechanical Amusement Device Tax Act (the Act), Neb. Rev. Stat. §§ 77-3001 to 77-3011 (Reissue 1990). Big John's paid a specified annual mechanical amusement device tax, which it claimed covered all its pool tables. In these proceedings, Big John's asserted that the hourly fee tables were "mechanical amusement devices" under the definition set forth in § 77-3001(2) and, therefore, did not charge sales tax on the fees paid by customers using those tables.

The Department of Revenue audited Big John's in 1990 and issued a deficiency assessment for Nebraska sales tax against Big John's for its failure to collect sales tax on the hourly fee tables during various tax periods beginning in November 1984 and extending through October 1989. Big John's protested the deficiency assessment before the commissioner, and both parties filed motions for summary judgment. The commissioner granted the Department of Revenue's motion for summary judgment and denied Big John's motion for summary judgment. Big John's appealed to the district court, which reversed the commissioner's decision. The Department appealed the district court's decision to this court. We dismissed the Department's appeal on the basis that we lacked jurisdiction to hear the appeal because the commissioner lacked the authority to grant summary judgment, and therefore, the commissioner's decision was not final. *Big John's Billiards v. Balka*, 254 Neb. 528, 577 N.W.2d 294 (1998).

Following a subsequent hearing before a hearing officer, the commissioner entered an order dated March 29, 1999, sustain-

ing the deficiency assessment and concluding that Big John's hourly fee pool tables did not fall within the definition of "mechanical amusement device" under § 77-3001(2) and that, therefore, receipts generated from fees charged for the use of such tables were subject to Nebraska sales tax. The commissioner further concluded that the distinction in the Act between coin-operated pool tables and hourly fee pool tables "does not contravene the Nebraska and United States Constitutions because there is a rational and distinct reason for the different tax treatment of the two types of pool tables."

Big John's petitioned the district court for Lancaster County for judicial review of the commissioner's decision pursuant to Neb. Rev. Stat. § 84-917 (Reissue 1999). Big John's asserted in its petition that the Department incorrectly interpreted the definition of "mechanical amusement device" in § 77-3001(2) and that a correct interpretation of the statute would include hourly fee pool tables within the definition of "mechanical amusement device." Big John's further asserted that the Department's interpretation of § 77-3001(2), if adopted, would render the Act unconstitutional under certain clauses of the Nebraska and U.S. Constitutions.

The district court issued an order dated October 12, 1999. In its order, the district court adopted Big John's interpretation of the statute, which interpretation included both coin-operated and hourly fee pool tables in the definition of "mechanical amusement device." The district court stated that it was required to reject the Department's interpretation of § 77-3001(2) because such interpretation would cause the Act to be unconstitutional as "special legislation" in violation of Neb. Const. art. III, § 18. Based on its interpretation of the statute, the district court reversed the commissioner's decision which had sustained the deficiency assessment for sales tax on receipts from hourly fee pool tables. The Department appealed the district court's order.

## ASSIGNMENTS OF ERROR

The Department asserts that the district court erred (1) in interpreting § 77-3001(2) to include Big John's hourly fee pool tables within the statutory definition of "mechanical amusement device"

and (2) in concluding that the Department's interpretation of § 77-3001(2) would create an unreasonable classification in violation of the special legislation clause, Neb. Const. art. III, § 18.

## STANDARDS OF REVIEW

A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Lancaster Cty. Sch. Dist. No. 0001 v. State, ante* p. 108, 615 N.W.2d 441 (2000). When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.* An appellate court, in reviewing a district court judgment for errors appearing on the record, will not substitute its factual findings for those of the district court where competent evidence supports those findings. *Father Flanagan's Boys' Home v. Agnew*, 256 Neb. 394, 590 N.W.2d 688 (1999).

Whether a decision conforms to law is by definition a question of law, in connection with which an appellate court reaches a conclusion independent of that reached by the lower court. See *Board of Regents v. Pinzon*, 254 Neb. 145, 575 N.W.2d 365 (1998).

Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Airport Auth. of Village of Greeley v. Dugan*, 259 Neb. 860, 612 N.W.2d 913 (2000).

Whether a statute is constitutional is a question of law; accordingly, the Nebraska Supreme Court is obligated to reach a conclusion independent of the decision reached by the court below. *Dykes v. Scotts Bluff Cty. Ag. Socy., ante* p. 375, 617 N.W.2d 817 (2000).

## ANALYSIS

We must first determine whether the district court erred in rejecting the Department's interpretation of § 77-3001(2) and adopting Big John's interpretation. If we conclude that the dis-

trict court did so err and that the Department correctly interpreted § 77-3001(2) to include coin-operated pool tables but exclude hourly fee pool tables from the definition of "mechanical amusement device," we must then consider whether the Act created a classification in violation of Neb. Const. art. III, § 18, which provides that "[t]he Legislature shall not pass local or special laws . . . [g]ranting to any corporation, association, or individual any special or exclusive privileges, immunity, or franchise whatever . . . ."

*Statutory Interpretation.*

In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *R.J. Miller, Inc. v. Harrington, ante* p. 471, 618 N.W.2d 460 (2000). If the language of a statute is clear, the words of such statute are the end of any judicial inquiry regarding its meaning. *American Employers Group v. Department of Labor, ante* p. 405, 617 N.W.2d 808 (2000); *Sharkey v. Board of Regents, ante* p. 166, 615 N.W.2d 889 (2000). In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *Sack v. State,* 259 Neb. 463, 610 N.W.2d 385 (2000).

At issue in this case is the interpretation of the definition of "mechanical amusement device" in § 77-3001(2). During the tax periods audited by the Department, § 77-3001(2) defined "mechanical amusement device," in part, as "any machine which, *upon insertion of a coin, or substitute therefor,* operates or may be operated or used for a game, contest or amusement of any description." (Emphasis supplied.) Following this definition, the statute lists examples of mechanical amusement devices including "pinball games, shuffleboard, bowling games, radio-ray rifle games, baseball, football, racing, boxing games, and *coin-operated pool tables.*" (Emphasis supplied.) *Id.*

The basic difference between the Department's interpretation of the definition of mechanical amusement device and Big John's interpretation of the definition of mechanical amusement

device was that the Department interpreted the phrase "upon insertion of a coin, or substitute therefor" to mean that as a substitute for a coin, another medium of payment, such as a token, could be inserted into the machine and the machine remained a "mechanical amusement device" for purposes of § 77-3001(2), whereas Big John's interpreted the phrase "upon insertion of a coin, or substitute therefor" to mean that as a substitute for insertion of a coin, another act of payment, such as paying cash to a cashier or attendant, could be substituted, and the machine remained a "mechanical amusement device" for purposes of § 77-3001(2). Under the Department's interpretation, the act of payment must be by insertion of the payment into the machine, but a substitute medium of payment may be used. Under Big John's interpretation, a substitute act, as well as a substitute medium of payment, is allowed.

Applying the rules of statutory interpretation recited above, we conclude that the Department correctly interpreted § 77-3001(2) to exclude hourly fee pool tables from the definition of "mechanical amusement device" and that the district court erred in adopting Big John's interpretation of the statute. The plain language of § 77-3001(2) supports the Department's interpretation that the phrase "upon insertion of a coin, or substitute therefor" was meant to refer to a substitute medium of payment, which substitute must be inserted into the pool table, rather than a substitute act of payment, however accomplished. That is, under § 77-3001(2), the word "substitute" qualifies "coin" rather than "insertion."

We further find it significant that in listing examples of mechanical amusement devices in § 77-3001(2), the Legislature specifically identified "coin-operated" pool tables as mechanical amusement devices but made no mention of hourly fee pool tables. Reading the various provisions of the statute together and giving them a sensible construction, see *Sack v. State, supra,* the language of the statute supports the Department's interpretation that hourly fee pool tables were not included in the definition of "mechanical amusement device" in § 77-3001(2).

In concluding that the statutory language of § 77-3001(2) includes coin-operated but not hourly fee pool tables, we note that such interpretation differentiating between these two types

of pool tables for tax purposes is consistent with the evidence in this case demonstrating the differences surrounding these two devices. In contrast to a pool table into which a coin or substitute therefor is inserted and for which no record of receipts is readily subject to audit, the evidence in this case establishes that users of Big John's hourly fee pool tables register with an attendant prior to using the hourly fee tables and that when the user is finished playing, his or her fee is calculated by computer and the fee is paid directly to the attendant. A record is thus produced of fees paid on the hourly fee tables which is readily subject to audit.

We further note that § 77-3001(2) was amended by the Legislature in 1997, operative July 1, 1998, and the relevant portion of the statute now reads "any machine which, upon insertion of a coin, *currency, credit card*, or substitute *into the machine*, operates or may be operated or used for a game, contest, or amusement of any description." (Emphasis supplied.) § 77-3001(2) (Cum. Supp. 1998). In order to ascertain the proper meaning of a statute, reference may be had to later as well as earlier legislation upon the same subject. *Hoiengs v. County of Adams*, 254 Neb. 64, 574 N.W.2d 498 (1998). All existing acts should be considered, and a subsequent statute may often aid in the interpretation of a prior one. *Id.*

The definition of mechanical amusement device in § 77-3001(2) was amended in 1997 by (1) providing for the insertion of "currency" or a "credit card" in addition to the insertion of a "coin" and (2) adding the prepositional phrase "into the machine." The amended language clarifies that the "substitute" referred to in the statute is a substitute medium of payment inserted into a machine rather than a substituted act of payment. Referring to the 1997 amendment as an aid in interpreting § 77-3001(2), it is clear that the Department correctly interpreted the statute to exclude Big John's hourly fee pool tables from the definition of "mechanical amusement device" and that the district court erred as a matter of law in rejecting the Department's interpretation. See *Airport Auth. of Village of Greeley v. Dugan*, 259 Neb. 860, 612 N.W.2d 913 (2000).

*Constitutionality of Classification Created by Act.*

The district court stated that it was required to reject the Department's interpretation of § 77-3001(2) and to adopt Big

John's interpretation because under the Department's interpretation, the Act created an arbitrary and unreasonable classification in violation of Neb. Const. art. III, § 18. Because we conclude that the language of § 77-3001(2) supports the Department's interpretation and does create a classification which distinguishes between coin-operated pool tables and hourly fee pool tables, we must consider whether such classification violates the Nebraska Constitution. We conclude that the Act creates a classification based on a reasonable distinction and a substantial difference between the objects classified and therefore does not violate Neb. Const. art. III, § 18.

 A legislative act can violate Neb. Const. art. III, § 18, as special legislation in one of two ways: (1) by creating a totally arbitrary and unreasonable method of classification or (2) by creating a permanently closed class. *Haman v. Marsh*, 237 Neb. 699, 467 N.W.2d 836 (1991). We have stated that " ' "[a] legislative classification, in order to be valid, must be based upon some reason of public policy, some substantial difference of situation or circumstances, that would naturally suggest the justice or expediency of diverse legislation with respect to objects to be classified. . . ." ' " *Id.* at 711, 467 N.W.2d at 846. Classification is proper if the special class has some reasonable distinction from other subjects of like general character, which distinction bears some reasonable relation to the legitimate objectives and purposes of the legislation. *Id.*

Our review of the legislative history of the enactment of the Act reveals that the purpose of the Act was to address the administrative difficulty in auditing the receipts generated by "mechanical amusement devices" for purposes of monitoring sales tax compliance. See, generally, Committee Records, L.B. 1360, 80th Leg. 12-16 (April 29, 1969), and Floor Debate, L.B. 1360, 80th Leg. 2179 (June 13, 1969). Because coins or other media of payment were directly deposited into such devices, no record of receipts was created which was readily subject to audit. The Legislature therefore proposed to create a separate classification for devices into which coins or substitute media were deposited and for which no record of receipts was created. Operators of such "mechanical amusement devices" would be subject to a separate mechanical amusement device tax in lieu of

sales tax on the receipts from such devices. *Id.* This classification would create a separate scheme for taxing the operators of mechanical amusement devices which would be less difficult to administer, while maintaining the sales tax scheme for other forms of amusement for which a record of receipts subject to audit was more readily maintained. *Id.*

We disagree with the district court's conclusion that the Act's classification which makes a distinction between coin-operated pool tables and hourly fee pool tables is "arbitrary and unreasonable." We conclude that the intent in the enactment of the Act, to provide a separate system of taxation for devices whose receipts were not readily subject to audit, was for a legitimate objective and purpose and that the distinction between amusements which are coin operated and those for which an hourly fee is paid bears a reasonable relation to such legitimate objective and purpose. See *Haman v. Marsh, supra.* Because we find that in regard to the legitimate purposes of the Act, a substantial difference of situation or circumstance exists between coin-operated amusement devices and other forms of amusement for which an hourly fee is collected, we conclude that the Act is not "special legislation" in violation of Neb. Const. art. III, § 18. Thus, there is no constitutional impediment to enforcement of § 77-3001(2) as interpreted by the Department.

## CONCLUSION

We conclude that the Department correctly interpreted § 77-3001(2) to exclude Big John's hourly fee pool tables from the definition of "mechanical amusement device" and that the district court erred in adopting Big John's interpretation of the statute. We further conclude that the classification created by § 77-3001(2) of the Act which treats coin-operated pool tables differently from hourly fee pool tables for sales tax purposes does not violate Neb. Const. art. III, § 18. We therefore reverse the judgment of the district court and remand the cause with directions to reinstate the order of the commissioner.

REVERSED AND REMANDED WITH DIRECTIONS.