REQUESTED BY: Anna J. Sullivan, CM, Director, Nebraska Public Employees Retirement Systems
This is in response to your request on behalf of the Public Employees Retirement Board for an opinion of the Attorney General concerning the duties and responsibilities of the Retirement Board to determine eligibility for membership in the School Retirement System of the State of Nebraska ("Retirement System"). The specific issue inquired about is the meaning of "clause (1)" of Neb. Rev. Stat. § 79-905
(Cum. Supp. 2000).
By way of background, you have related that the Auditor of Public Accounts interprets "clause (1)" of § 79-905 to impose a duty on the Retirement Board "to examine the case of each individual who works for a participating school district, to determine if any individual is being wrongfully denied his or her right to participate in the . . . Retirement System." It is further related that it is the administrative "practice of the Nebraska Public Employees Retirement Systems and the . . . Board to interpret clause (1) . . . to mean that power to make determinations (on membership and other issues of fact) is available only in the event of a dispute . . ."[1] It appears that it is the position of the Retirement Board that § 79-905 in some fashion limits the Board's responsibility to determine eligibility of school employees to participate in the retirement system only in the event of a dispute between an individual and his or her employer. We do not believe that one clause of a section that is part of a comprehensive set of statutes may appropriately be applied to restrict the duties of the Retirement Board to determine eligibility of a school employee only in the event of a dispute.
 SELECTED STATUTES
The authority and responsibilities of the Retirement Board are set out in various sections of the legislative acts establishing the retirement systems administered by the Board. The provision you have inquired about, § 79-905, states that the Retirement Board shall: "(d)etermine the eligibility of an individual to be a member of the retirement system and other questions of fact in the event of a dispute between an individual and a department . . ."
There are other statutory provisions applicable and necessarily considered to ascertain the Board's duties and responsibilities. It is a fundamental rule in that statutes relating to the same subject matter are construed together to determine legislative intent so as to maintain a consistent and sensible result. Phelps County Bd. Of Equalization v.Graf, 258 Neb. 810, 606 N.W.2d 736 (2000); Hoiengs v. County of Adams,254 Neb. 64, 574 N.W.2d 498 (1998); State ex rel. City of Elkhorn v.Haney, 252 Neb. 788, 566 N.W.2d 771 (1997).
Responsibilities of the Retirement Board concerning the School Retirement System are, in part, detailed in Neb. Rev. Stat. § 79-904
(1996):
The general administration of the School Retirement System of the State of Nebraska, except the investment of funds, is hereby vested in the retirement board. The board shall, by a majority vote of its members, adopt bylaws and adopt and promulgate rules and regulations, from time to time, to carry out the School Employees Retirement Act. The board shall perform such other duties as may be required to execute the provisions of the act.
More detailed description of the responsibilities and duties of the Retirement Board are set forth in other statutes. The Board is established under Neb. Rev. Stat. § 84-1501 (1999) and duties of the Board are delineated in Neb. Rev. Stat. § 84-1503 (Cum. Supp. 2000). Certain duties prescribed duties in § 84-1503 include:
 (1)(a) To administer the retirement systems provided for in the County Employees Retirement Act, the Judges Retirement Act, the Nebraska State Patrol Retirement Act, the School Employees Retirement Act, and the State Employees Retirement Act . . .
 (1)(f) To adopt and implement procedures for reporting information by employers, as well as sampling and monitoring procedures. The information necessary to determine membership shall be provided by the employer. The board shall adopt and promulgate rules and regulations and prescribe such forms necessary to carry out this subdivision . . .
 (2)(a) To determine, based on information provided by the employer, the prior service annuity, if any, for each person who is an employee of the county on the date of adoption of the retirement system, . . .
 (2)(g) To adopt and promulgate rules and regulations to carry out the provisions of each retirement system described in subdivision
 (1)(a) of this section, which shall include, but not be limited to, the crediting of military service, direct rollover distributions, and
The acceptance of rollovers; . . .
 (2)(h) To obtain . . . auditing services for a separate compliance audit of the retirement systems to be completed by December 31, 1997, and every four years thereafter. The compliance audit shall be in addition to the annual audit conducted by the Auditor of Public Accounts . . .[2]
 (2)(j) To administer all retirement system plans in a manner which will maintain each plan's status as a qualified plan pursuant to the Internal Revenue Code. The board shall adopt and promulgate rules and regulations necessary or appropriate to maintain such status including, but not limited to, rules or regulations which restrict discretionary or optional contributions to a plan or which limit distributions from a plan . . .
 BENEFITS AND MEMBERSHIP ELIGIBILITY ISSUES
Administration of the retirement systems necessarily involves determining membership eligibility issues. Two of the most important responsibilities of the Retirement Board include determining eligibility for membership and determining entitlement to benefits in the retirement systems administered by the Board. The administrative practices and policies of the Board in fulfilling these responsibilities has resulted in controversy and litigation.
In State ex rel. Stenberg v. Moore, 253 Neb. 535, 571 N.W.2d 317
(1997), the dispute concerned membership and benefit issues of certain school employees as a consequence of administrative practices of the Retirement Board and Nebraska Public Employees Retirement Systems. The Nebraska Supreme Court, in Halpin v. Nebraska State Patrolmen'sRetirement System, 211 Neb. 892, 320 N.W.2d 910 (1982), concluded that a change in the method used by the Board to compute pension benefits was an unconstitutional impairment of contract rights. And, at the request of the Retirement Board, this office has addressed membership eligibility and entitlement to benefit issues. See i.e. Op. Attorney General No.97019 (March 11, 1997); Op. Attorney General No. I97003 (January 31,1997).
We think that the statutory duties of the Retirement Board necessarily require a determination of eligibility for membership on a continuing basis to assure that only employees qualified for membership are participating in the retirement systems administered by the Board. On a continuing and ongoing basis, the Public Employees Retirement Systems applies the statutory qualifications for membership in the retirement systems. Determining eligibility for participation is necessary to safeguard the integrity of the systems and to fulfill the Board's duty to administer all systems in a manner to maintain each plan's status as a qualified plan pursuant to the requirements of the Internal Revenue Code.
As administrator of the retirement systems, the Board appropriately determines the administrative practices and policies necessary to fulfill its statutory duties and promulgates rules and regulations for this purpose. For this reason, we do not believe that § 79-905 or other statutory provisions mandate that the Retirement Board investigate or examine the case of each individual employed by a school district. The Public Employees Retirement Systems relies on information received from the public employers to ascertain membership and benefit eligibility. Further, the retirement systems are required to implement procedures for reporting information by employers including monitoring procedures.
In summary, it is our opinion that the statutory duties do not require that the Retirement Board "examine the case of each individual employed by a school district." In administering the School Retirement System, the Board relies on information furnished by school districts and establishes procedures for reporting information to determine eligibility for participation in the system. However, for the reasons discussed above, we also do not believe that the Board is restricted to determining the eligibility of a school employee for membership in the system only in situations where there is a dispute.
 Sincerely, DON STENBERG
 Attorney General Fredrick F. Neid Assistant Attorney General
[1] The agency for the administration of the retirement systems and under the direction of the board shall be known and may be cited as the Nebraska Public Employees Retirement Systems. Neb. Rev. Stat. §84-1503(a) (Cum.Supp. 2000).
[2] While direct audit responsibilities of the Retirement Board are removed by repeal of Neb. Rev. Stat. § 79-961 in Laws 2000, LB 1192, § 20, the Board has the duty to have completed a compliance audit to determine compliance with all federal and state laws.