REQUESTED BY: Dale Pohlmann, President, Beginning Farmer Tax Credit Board of Directors
You have requested an opinion regarding the availability of tax credits to persons who own an interest in farm real estate. In particular, you inquire whether a tax credit can be given on an applicant's undivided 50% interest in jointly owned agricultural land, even though the other land owner is not applying for a tax credit on the jointly owned property. Restated, you want our office to determine if the Beginning Farmer Tax Credit Act, Neb. Rev. Stat. § 77-5201 et seq., (Cum. Supp. 2000) (hereinafter "the Act"), and its regulations can allow one person with a joint interest in farmland to apply for a tax credit, while the other joint owner or owners do not apply for a credit upon the same property. In providing the answer to your question as a state board represented by our office, we will first determine what an "owner" is under the Act, then we will determine if the individual you describe is an "owner" under the Act and lastly, we will determine whether the Act allows joint "owners" to individually receive the tax credits.
 I. Requirements of an "owner of agricultural assets" under the Act
Before we can determine if the individual applicant you describe is an "owner of agricultural assets" as contemplated by Neb. Rev. Stat. § 77-5203(7), we must determine the definition of an "owner" as expressed in the statute. Neb. Rev. Stat. § 77-5211 specifically allows an income tax credit to be given to qualified applicants for the credits. These applicants must be "an owner of agricultural assets". Id. Neb. Rev. Stat. § 77-5203(7) defines an "owner of agricultural assets" to include an individual or trustee, a partnership, or a corporation or syndicate qualified under Article XII, § 8 of the Constitution of the State of Nebraska. "Agricultural assets" includes several classes of property used for farming or livestock production in Nebraska. Neb. Rev. Stat. § 77-5203(1) (Cum. Supp. 2000). "Farming or livestock production" is defined as: "the active use, management, and operation of real and personal property for the production of a farm product." Neb. Rev. Stat. § 77-5203(5). (Cum. Supp. 2000). The Act appears to require that an "owner" under Neb. Rev. Stat. § 77-5203(7) must own agricultural assets used for farming or livestock production, including real and personal property.
 II. Whether applicant is an "owner of agricultural assets"
You state in your request that both the owner and the beginning farmer applicants are eligible for the Tax Credit Program according to the regulations. We will assume that this means the applying individual is the "owner" you describe in your request, and we further assume that this "owner" has provided sufficient information in his application under §§ 91 NAC 1:005 91 NAC 1:006 to be "eligible" to apply for tax credits. This assumption should not be confused with the "owner" being "qualified" to apply for tax credits, as required by § 91 NAC 1:005, since that is the issue being decided herein. Further, if our assumptions are different from the actual facts, then our analysis may change.
Based upon the fact the "owner" is eligible under the Act and mentioned regulations, the "owner" must have agricultural assets, namely real and personal property for the production of a farm product, as required by Neb. Rev. Stat. § 77-5203(5). Further, the "owner" must derive 50% or more of his income from farming or livestock production, or he would not be eligible to apply at all under Neb. Rev. Stat. §77-5203(7)(a) and 91 NAC § 1:005. Since joint ownership of farm land forms the basis for your request, and since the "owner" is eligible under the regulations, the "owner" must have some interest in real property, used for farming or livestock production. Clearly agricultural land used for farming or livestock production, which is an "agricultural asset" under the Act, is a type of real estate under Nebraska statutes. Neb. Rev. Stat. § 77-103 (Cum. Supp. 2000) and Neb. Rev. Stat. § 25-401
(Reissue 1995). It is necessary to determine if the applicant's interest in agricultural real estate allows him to be an "owner of agricultural assets" under the Act.
As previously stated, the Act requires real property ownership to be eligible as an "owner" and the Act includes trustees, partnerships, certain corporations and syndicates as potential "owners" in addition to individuals. Neb. Rev. Stat. § 77-5203 (7) (Cum. Supp. 2000). The Act does not specifically mention individuals who hold a joint tenancy or tenancy-in-common as potential "owners". The Act must have intended these mentioned tenancy interests for the applicant you are inquiring about to be an "owner of agricultural assets". "Since a statute conferring an exemption from taxation is strictly construed, one claiming an exemption from taxation of the claimant or the claimant's property must establish entitlement to the exemption." Omaha Public Power v. Nebraska Dept. of Revenue, 537 N.W.2d 312, 314, 248 Neb. 518, 519-520 (1995). The Legislature must have intended to include individuals with a joint tenancy or tenancy-in-common interest as potential "owners" under the Act for the applicant to be allowed a tax credit.
In our opinion, the Act appears to imply a general intent to include joint tenancy or tenancy-in-common as potential "owners of agricultural assets." First, it should be noted that neither the Act nor the regulations mention any prohibition on individuals with joint tenancy or tenancy-in-common interests as potential "owners." Second, the plain meaning of the word "owner" should include joint tenants and tenants-in-common on land. "In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous." Big John's Billiards, Inc. v. Balka, 619 N.W.2d 444, 448, 260 Neb. 702, 707 (2000). The key is to determine whether the plain meaning of the term "owner" in the statute applies only to individuals with fee title to real estate, or to both individual fee owners and owners who are joint tenants or tenants-in-common.
Nebraska cases are replete with references to joint tenants and tenants-in-common as "owners". The Nebraska Supreme Court, in describing the facts in two different cases, stated: "Plaintiff's father and these defendants were equal owners of this real estate, holding the land as tenants in common." Bailey v. Mahr, 255 N.W.2d 866, 868, 199 Neb. 29, 31
(1977); "Plaintiffs are the owners as joint tenants of certain real estate, the description of which is immaterial herein . . ." Bowley v. City of Omaha, 149 N.W.2d 417, 420, 181 Neb. 515, 517 (1967). The Court describes the facts of an Iowa case it cites, stating "James Sprague and Nancy M. Sprague, husband and wife, owned real estate as joint tenants." Buford v. Dahlke, 62 N.W.2d 252, 256, 158 Neb. 39, 46 (1954). In describing the holding in a prior related case, the Court begins its opinion with: "This is the second appeal in this case. In the original action the trial court decreed that plaintiff and defendant were owners of the real estate involved as joint tenants with right of survivorship. We affirmed the judgment . . ." Nemetz v. Nemetz, 40 N.W.2d 685, 686,152 Neb. 178, 179 (1950). It is apparent that Nebraska case law references "owner" in the context of being an individual holding a joint tenancy or tenant-in-common interest in real estate.
Since Nebraska courts describe an "owner" as an individual holding a joint tenancy or tenancy-in-common property interest, in our opinion "owner" under the Act should similarly mean both individual fee owners and owners who are joint tenants or tenants-in-common. Courts examining the Act should find the Legislature must have intended to use the plain and ordinary meaning of the word "owner", and should further find that this plain meaning of "owner" includes both individual fee owners and owners who are joint tenants or tenants-in-common.
III. Proportionate tax credits for an individual joint tenant ortenant-in-common
It must next be determined in what proportion tax credits are distributed to joint tenants or tenants-in-common. The Act allows individuals with the described interests in a partnership, a corporation, a syndicate, an estate or a trust to receive tax credits individually, in proportion to how the income is distributed from the entity itself to the individuals. Neb. Rev. Stat. § 77-5211 (2000 Cum. Supp.) The Act does appear to mandate distribution of credits to an "owner of agricultural assets" who qualifies under the Act, which includes one or more partners in a partnership. "Any credit allowable to a partnership, a corporation, a syndicate, or an estate or trust may be distributed to the partners, members, shareholders, or beneficiaries." Neb. Rev. Stat. § 77-5211 (2000 Cum. Supp.) If there can be more than one partner receiving credits in a partnership, then there is no apparent statutory prohibition on joint tenants or tenants-in-common receiving proportionate individual credits. Clearly, the Act contemplates individual partners receiving a proportionate share of the tax credit paid to a partnership. The same type of proportional payments are available to individuals in a corporation, syndicate, estate or trust. Id.
Additionally, the Act does not appear to prohibit the payment of tax credits to one individual joint tenant or tenant-in-common, even if the Board is not making payment to another individual with a similar tenancy. This would be consistent with the rights joint tenants or tenants-in-common have. The Nebraska Supreme Court describes the general rights tenants-in-common have over property: "It is true, generally speaking, that tenants in common can deal with third parties just as fully as owners of property held individually, including the right to terminate a lease as to the cotenant's interest." Ahrens v. Dye, 302 N.W.2d 682,684, 208 Neb. 129, 132 (1981).
In our opinion, the Act can be interpreted to permit paying a proportionate amount of the tax credit for the farm land to the applicant, regardless of whether or not the other co-tenants apply for tax credits. The Act and regulations don't describe a self-executing statute requiring the Board to provide tax credits to each qualified "owner", but instead require a voluntary application process for any "owner" wishing to receive a credit. Tax credits are not granted all persons who are assessed income tax liability, even if they were eligible to receive them under the Act. Only by applying for them under the Act can a qualified applicant receive the credits. Any co-tenants with the applicant in this opinion may choose not to apply for credits, and their decision does not appear to have any legal effect on the applicant's separate right to apply for credits.
In conclusion, it appears an "owner" under the Act must own agricultural assets used for farming or livestock production, including real and personal property. The applicant described in the request is an "owner of agricultural assets" under the Act, since the plain meaning of "owner" includes joint tenants and tenants-in-common of real estate. These credits will be proportional to the applicant's interest in the real estate in all cases. The Act does allow individual members of partnerships, corporations, syndicates, estates or trusts to receive proportionate tax credits, so the applicant's status as a joint tenant or tenant-in-common allows the applicant to apply for a proportional credit from the Board.
Sincerely,
 DON STENBERG Attorney General
 William R. Barger Assistant Attorney General
Approved:
______________________________ Attorney General