A-1 Metro Movers, Inc., a corporation doing
business in Nebraska, appellant, v. Mary Jane Egr,
Tax Commissioner of the State of Nebraska, and
the State of Nebraska, Department of
Revenue, appellees.
Metro Moving Services, Inc., a corporation doing
business in Nebraska, appellant, v. Mary Jane Egr,
Tax Commissioner of the State of Nebraska, and
the State of Nebraska, Department of
Revenue, appellees.
Tri Cities Moving Services, Inc., a corporation doing
business in Nebraska, appellant, v. Mary Jane Egr,
Tax Commissioner of the State of Nebraska, and
the State of Nebraska, Department of
Revenue, appellees.

647 N.W.2d 593

Filed July 12, 2002. Nos. S-01-383 through S-01-385.

Kevin C. Siebert and Jane F. Langan, of Rembolt, Ludke & Berger, L.L.P., for appellants.

Don Stenberg, Attorney General, and L. Jay Bartel for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

A-1 Metro Movers, Inc. (A-1); Metro Moving Services, Inc. (Metro); and Tri Cities Moving Services, Inc. (Tri Cities) (collectively the appellants), appeal from orders of the district court for Lancaster County. The district court sustained tax deficiency determinations against the appellants made by the Nebraska Department of Revenue. The court found that containers purchased by the appellants are subject to use tax and are not exempted by Neb. Rev. Stat. § 77-2702.23(2) (Reissue 1996).

## BACKGROUND

The appellants are in the business of moving tangible personal property for their customers from a location within Nebraska to locations outside of Nebraska. The moving services provided by the appellants include providing containers, packing the customer's personal property into containers, loading the packed containers and other household goods onto moving vans, transporting the goods from a location in Nebraska to a location outside of Nebraska, unloading the containers and other household goods, unpacking the containers at the destination, and disposing of the containers. "Containers" include boxes, cartons, packing materials, and padding materials used by the appellants. The containers are not sold separately by the appellants from the packing and moving services they provide. The appellants purchase the

containers from vendors located outside of Nebraska. The containers are shipped by common carrier to the appellants' premises in Nebraska. The appellants do not pay sales or use tax on the purchase of the containers to any state at any time.

When purchased by the appellants, the boxes arrive flat and in bundles of like size. For the appellants to use the boxes, the bundles must be broken and the boxes must be opened up and assembled and shaped with tape. Once the boxes are taped into shape, the customer's personal property is packed inside, and packing material is placed inside to protect the personal property from damage.

The containers, once packed with the customer's belongings and marked, are loaded on a moving van along with other household goods for transportation to the agreed-upon destination. Upon arrival at the destination, the containers are unloaded from the moving van and taken into the destination location. The containers may then be opened up, and the personal property and packing materials are taken out, or the containers may be left for storage and/or unpacking by the customer. If unpacked by the appellants, both the containers and the packing materials are left for the customer to dispose of or are removed from the destination premises by the appellants and disposed of. The appellants do not reuse or resell the containers they remove from the customer's destination. Instead, all of the containers are left with the customer out of state or are disposed of out of state.

The department conducted audits for sales and consumer's use taxes of the books and records of the appellants over various periods of time. As a result of the audits, the department issued a notice of deficiency determination to each of the appellants. Each of the appellants timely filed petitions for redetermination in protest of the total amount of each deficiency.

The department sustained the tax deficiencies levied against the appellants. The department found that the containers and packing materials used by the appellants constitute a taxable sale and that the exemption in § 77-2702.23(2) was not applicable. The appellants petitioned for review in the district court. The district court made two distinct findings. First, the court found that collateral estoppel barred Metro and Tri Cities from litigating the issue of whether the containers were subject to use

tax. In 1998, Metro and Tri Cities appealed from tax deficiency determinations made by the department and the district court for Lancaster County ruled against Metro and Tri Cities. The court found that the issue determined in the 1998 cases was identical to the issue presented in this case. Second, the district court affirmed the decision of the department as to A-1, finding that the containers were purchased for the purpose of using them in Nebraska and that the exemption in § 77-2702.23(2) did not apply. These consolidated appeals followed, and we moved the cases to our docket.

### ASSIGNMENTS OF ERROR

The appellants assign that the district court erred in (1) finding that the appellants' use of containers in interstate moves originating in Nebraska constitutes a sale of tangible personal property subject to Nebraska consumer's use tax and (2) finding that the appeals of Metro and Tri Cities are barred by the doctrine of collateral estoppel.

### STANDARD OF REVIEW

A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Big John's Billiards v. Balka,* 260 Neb. 702, 619 N.W.2d 444 (2000). When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.* An appellate court, in reviewing a district court judgment for errors appearing on the record, will not substitute its factual findings for those of the district court where competent evidence supports those findings. *Id.*

Whether a decision conforms to law is by definition a question of law, in connection with which an appellate court reaches a conclusion independent of that reached by the lower court. *Id.*

Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Id.*

## ANALYSIS

■ The issue presented in this case is whether the containers purchased and used by the appellants are subject to Nebraska use tax. Neb. Rev. Stat. § 77-2703(1) (Reissue 1996) imposes a sales tax "upon the gross receipts from all sales of tangible personal property sold at retail in this state." Section 77-2703(2) imposes a use tax on the "storage, use, or other consumption in this state of property purchased, leased, or rented from any retailer." The general theory behind the sales and use taxes is to impose a tax on each item of property, unless specifically excluded, at some point in the chain of commerce. If the item is purchased in Nebraska, the sales tax applies. If the item is purchased outside of Nebraska, the use tax applies. *Lackawanna Leather Co. v. Nebraska Dept. of Rev.*, 259 Neb. 100, 608 N.W.2d 177 (2000).

Section 77-2702.23 defines "use" and also provides for an exemption to that definition. This section states:

> (1) Use shall mean the exercise of any right or power over property incident to the ownership or possession of that property . . . .

> (2) Except for a transaction that is subject to sales tax under the Nebraska Revenue Act of 1967, use shall not include the keeping, retaining, or exercising of any right or power over property for the purpose of subsequently transporting it outside the state or for the purpose of being processed, fabricated, or manufactured into, attached to, or annexed to other property to be transported outside the state and thereafter used solely outside the state.

The appellants concede that the containers are used in Nebraska, for purposes of § 77-2702.23(1), when they are assembled, packed with customers' goods, and loaded onto moving vans for transport. However, the appellants argue that this use occurs " 'for the purpose of subsequently transporting [the containers] outside the state.' " Brief for appellants at 9-10. The appellants alternatively argue that the containers, which are purchased in flat bundles, are used in Nebraska for the purpose of being processed or fabricated into containers to be transported outside the state and thereafter used solely outside the state.

The Rhode Island Supreme Court encountered a nearly identical situation in *Safeway Systems, Inc. v. Norberg*, 115 R.I. 127,

341 A.2d 47 (1975). The taxpayer was in the business of transporting furniture and other household goods. Nearly all of the taxpayer's moves were from points within Rhode Island to points outside of the state. The taxpayer purchased boxes and packing materials from out-of-state vendors, which it used to transport a customer's household goods. Upon completion of the move, the boxes and packing materials were never again used or returned to Rhode Island.

The taxpayer argued that the boxes and packing materials used in interstate moves were exempt from Rhode Island's use tax under a statutory exemption similar to our § 77-2702.23(2). The Rhode Island exemption read as follows:

> " 'Storage' and 'use' do not include the keeping, retaining, or exercising of any right or power over tangible personal property shipped or brought into this state for the purpose of subsequently transporting the same outside the state for use thereafter solely outside the state, or for the purpose of being processed, fabricated, or manufactured into, attached to or incorporated into, other tangible personal property to be transported outside the state and thereafter used solely outside the state."

(Emphasis omitted.) *Safeway Systems, Inc. v. Norberg*, 115 R.I. at 130-31, 341 A.2d at 49.

The Rhode Island Supreme Court interpreted the first portion of this exemption as applying only to goods brought into the state that thereafter will be used solely outside the state. *Id.* The court held that the exemption did not apply to the taxpayer's boxes and packing materials because those items were not used solely outside of Rhode Island. Instead, the boxes and packing materials were also used within the state when they were brought to a customer's home, filled with household goods, loaded onto moving trucks, and driven to the state border. The court also concluded that the taxpayer did not satisfy the second part of the statute exempting property " 'processed, fabricated, or manufactured into' "; " 'attached to' "; or " 'incorporated into' other tangible personal property." *Id.* at 132, 341 A.2d at 50.

We find the reasoning of *Safeway Systems, Inc. v. Norberg, supra*, to be persuasive. Under the appellants' proposed construction of § 77-2702.23(2), the only inquiry needed

to decide if the exemption applies is whether a taxpayer's purpose is to transport the property outside the state. Such a construction ignores the degree of use of such property in Nebraska. We do not believe the Legislature intended such a result. A court must place on a statute a reasonable construction which best achieves the statute's purpose, rather than a construction which would defeat the statute's purpose. *Premium Farms v. County of Holt*, 263 Neb. 415, 640 N.W.2d 633 (2002). A sensible construction will be placed upon a statute to effectuate the object of the legislation rather than a literal meaning that would have the effect of defeating the legislative intent. *Fontenelle Equip. v. Pattlen Enters.*, 262 Neb. 129, 629 N.W.2d 534 (2001).

The appellants make considerable use of the containers in Nebraska. The containers are delivered to a customer's home, packed with household goods, and loaded onto the appellants' moving vans before beginning their interstate journey. That is, the appellants' purpose is not merely to transport the containers out of Nebraska, but to use the containers to transport property out of the State of Nebraska.

The appellants also do not satisfy the second portion of § 77-2702.23(2). Assuming that the appellants' act of shaping the purchased bundles into boxes is "processing" or "fabricating," such an act is not performed to transport the containers outside of the state. Rather, this act is performed to first use the containers in Nebraska prior to interstate transport.

The appellants argue that our decision in *J.C. Penney Co. v. Balka*, 254 Neb. 521, 577 N.W.2d 283 (1998), is controlling. We do not agree. The issue presented in that case was whether J.C. Penney exercised any right or power over catalogs shipped from out of state to Nebraska incident to the ownership or possession of that property in Nebraska. In other words, this court was asked to decide whether a "use" of such catalogs occurred in Nebraska, a point which has been conceded in this case. *J.C. Penney Co.* did not consider whether such use was nonetheless exempt from taxation under § 77-2702.23(2), and we believe it is inapplicable to this case.

Because we determine that the containers purchased and used by the appellants are subject to Nebraska use tax, we need not address their second assignment of error.

## CONCLUSION

Section 77-2702.23(2) exempts property from use tax if a taxpayer exercises any right or power over that property for the purpose of subsequently transporting it outside the state or for the purpose of being processed, fabricated, or manufactured into; attached to; or annexed to other property to be transported outside the state and thereafter used solely outside the state. We hold that because the containers purchased and used by the appellants are not only used for the purpose of transporting the containers out of the state, but are also used in the state, the exemption of § 77-2702.23(2) does not apply. The decision of the district court is affirmed.

AFFIRMED.