GALAXY TELECOM, L.L.C., APPELLANT, V.
J.P. THEISEN & SONS, INC., A NEBRASKA
CORPORATION, APPELLEE.
656 N.W.2d 444

Filed February 7, 2003.   No. S-01-1306.

Gary J. Nedved and Joel D. Nelson, of Keating, O'Gara, Davis & Nedved, P.C., L.L.O., for appellant.

Larry E. Welch, Jr., of Welch Law Firm, P.C., for appellee.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

Galaxy Telecom, L.L.C. (Galaxy), appeals from an order of the district court for Otoe County dismissing its action for damages against J.P. Theisen & Sons, Inc. (Theisen). Galaxy sought recovery for damage caused by Theisen to an underground fiber-optic cable, based upon alternate theories of strict liability under the Nebraska One-Call Notification System Act (Act), Neb. Rev. Stat. §§ 76-2301 to 76-2330 (Reissue 1996), and negligence. We conclude as a matter of law that Galaxy is entitled to recover under its statutory strict liability claim.

BACKGROUND

Galaxy provides distance learning services to schools throughout southeastern Nebraska utilizing a fiber-optic cable network. Theisen is a construction contractor specializing in highway grading work. Approximately 95 percent of Theisen's business involves highway projects of the Nebraska Department of Roads.

The Act was enacted in Nebraska in 1994. 1994 Neb. Laws, L.B. 421. The legislative intent as expressly stated in the Act was to establish a means by which excavators may notify operators of underground facilities in an excavation area so that operators have the opportunity to identify and locate the underground facilities prior to excavation and so that the excavators may then observe proper precautions to safeguard the underground facilities from damage. § 76-2302(1). The purpose of the Act is "to aid the public by preventing injury to persons and damage to property and the interruption of utility services resulting from accidents caused by damage to underground facilities." § 76-2302(2).

The Act provides that "[o]perators of underground facilities shall become members of and participate in the statewide one-call notification center." § 76-2318. The term "underground facility" as used in the Act includes buried fiber-optic cables. § 76-2317. The statewide one-call notification center established by the Act is governed by a board of directors which is responsible for selecting a vendor to "provide the notification service," establish cost-sharing procedures among members, and "do all other things necessary to implement the purpose of the center." § 76-2319. At all times relevant to this action, Diggers Hotline of Nebraska (Diggers Hotline) was the vendor selected to perform these tasks.

The Act requires operators of underground facilities to provide information to the center concerning the location of such facilities. § 76-2320. At the time of the events which are the subject of this action, § 76-2321 provided:

(1) A person shall not commence any excavation without first giving notice to every operator. An excavator's notice to the center shall be deemed notice to all operators. An excavator's notice to operators shall be ineffective for purposes of this subsection unless given to the center. Notice to the center shall be given at least two full business days, but no more than ten business days, before commencing the excavation, except notice may be given more than ten business days in advance when the excavation is a road construction, widening, repair, or grading project provided for in [Neb. Rev. Stat. §] 86-334

[(Reissue 1999)]. An excavator may commence work before the elapse of two full business days when (a) notice to the center has been given as provided by this subsection and (b) all the affected operators have notified the excavator that the location[s] of all the affected operator's underground facilities have been marked or that the operators have no underground facilities in the location of the proposed excavation.

(2) The notice required pursuant to subsection (1) of this section shall include (a) the name and telephone number of the person making the notification, (b) the name, address, and telephone number of the excavator, (c) the location of the area of the proposed excavation, including the range, township, section, and quarter section, unless the area is within the corporate limits of a city or village, in which case the location may be by street address, (d) the date and time excavation is scheduled to commence, (e) the depth of excavation, (f) the type and extent of excavation being planned, including whether the excavation involves tunneling or horizontal boring, and (g) whether the use of explosives is anticipated.

The Act further provides that upon receipt of such notice from excavators, "[t]he center shall inform the excavator of all operators to whom such notice will be transmitted and shall promptly transmit such notice to every operator having an underground facility in the area of intended excavation." § 76-2322.

The Act requires that operators receiving notice from the center of a planned excavation "shall advise the excavator of the approximate location of underground facilities in the area of the proposed excavation by marking or identifying the location of the underground facilities with stakes, flags, paint, or any other clearly identifiable marking or reference point." § 76-2323(1). The Act further specifies that marking or identification of underground facilities

shall be done in a manner that will last for a minimum of five business days on any nonpermanent surface and a minimum of ten business days on any permanent surface. If the excavation will continue for longer than five business days, the operator shall remark or reidentify the location of the

underground facility upon the request of the excavator. The request for remarking or reidentification shall be made through the center.

§ 76-2323(2).

In May 1997, Theisen began work on a project for the Nebraska Department of Roads which involved grading a 6-mile segment of Nebraska Highway 2 being widened between Syracuse and Unadilla, Nebraska. At the beginning of this project, Theisen filed "locate requests" with Diggers Hotline for the six quarter sections of land involved in the project. The "contractor work date" listed on all six locate request forms was May 6, 1997.

After Theisen filed its locate requests, Diggers Hotline contacted all operators having underground facilities in the six quarter sections designated by Theisen. Galaxy received notice with respect to its fiber-optic cable located in one of these quarter sections, and it marked the location of that cable. At that time, Galaxy had no cables in the other five quarter sections.

Approximately 1 year later, in the spring of 1998, Galaxy installed a new underground fiber-optic cable in one of the other quarter sections along Highway 2 between Syracuse and Unadilla which had been designated by Theisen in the locate requests submitted to Diggers Hotline on May 2, 1997. In July 1998, Galaxy notified Diggers Hotline of the existence and location of this new cable. Theisen did not contact Diggers Hotline at any time after May 2, 1997. On April 7, 1999, while performing excavation work in connection with the ongoing highway widening project, Theisen struck and damaged the cable which Galaxy had installed in 1998.

Galaxy filed this action for damages, alleging alternate theories of strict liability under the Act and negligence. Both parties filed motions for partial summary judgment as to the statutory strict liability claim. The district court granted partial summary judgment in favor of Theisen, concluding as a matter of law that Theisen was not strictly liable under the Act. After a subsequent bench trial on the issue of liability under Galaxy's negligence theory, the district court found in favor of Theisen and dismissed Galaxy's petition. Galaxy filed this timely appeal.

## ASSIGNMENTS OF ERROR

Galaxy assigns, restated, that the trial court erred (1) in concluding that Theisen was not strictly liable as a matter of law under the Act and (2) in finding that Theisen was not liable under a negligence theory.

## STANDARD OF REVIEW

Statutory interpretation presents a question of law. *Eyl v. Ciba-Geigy Corp.*, 264 Neb. 582, 650 N.W.2d 744 (2002); *Volquardson v. Hartford Ins. Co.*, 264 Neb. 337, 647 N.W.2d 599 (2002). When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Eyl v. Ciba-Geigy Corp., supra; Luethke v. Suhr*, 264 Neb. 505, 650 N.W.2d 220 (2002).

## ANALYSIS

In its first assignment of error, Galaxy contends that the trial court erred as a matter of law in dismissing its strict liability claim. Galaxy argues that Theisen is strictly liable under § 76-2324 because Theisen failed to give notice of the 1999 excavation and, alternatively, that Theisen is strictly liable even if it gave notice of the 1999 excavation because Galaxy fully complied with the provisions of the Act. Pursuant to § 76-2324, which states in part:

> An excavator who fails to give notice of an excavation pursuant to section 76-2321 and who damages an underground facility by such excavation shall be strictly liable to the operator of the underground facility for the cost of all repairs to the underground facility. An excavator who gives the notice and who damages an underground facility shall be liable to the operator for the cost of all repairs to the underground facility unless the damage to the underground facility was due to the operator's failure to comply with section 76-2323.

According to the first sentence of this statute, the threshold question is whether Theisen gave proper notice under § 76-2321 prior to the excavation that damaged Galaxy's cable. At the time of the excavation, the notice requirement was as follows:

> Notice to the center shall be given at least two full business days, but no more than ten business days, before

commencing the excavation, except notice may be given more than ten business days in advance when the excavation is a road construction, widening, repair, or grading project provided for in section 86-334.

§ 76-2321(1). We note that effective January 1, 2003, Neb. Rev. Stat. § 86-334 (Reissue 1999) was recodified as Neb. Rev. Stat. § 86-708 (Cum. Supp. 2002) and that the reference to that statute in § 76-2321 was amended accordingly. 2002 Neb. Laws, L.B. 1105, §§ 413 and 496. Because the operative facts in this case occurred prior to the recodification, we refer to the statutes as codified prior thereto.

It is undisputed that the only notice given by Theisen to Diggers Hotline occurred in May 1997, more than 10 business days before Theisen commenced the April 1999 excavation during which it struck and damaged Galaxy's fiber-optic cable. Therefore, unless the notice exception in § 76-2321(1) applies, Theisen failed to give proper notice under the Act and is strictly liable to Galaxy for the cost of repairs to the damaged cable.

The language of the exception in § 76-2321(1) provides that notice may be given more than 10 days in advance "when the excavation is a road construction, widening, repair, or grading project provided for in section 86-334." The district court interpreted this exception to apply to all road construction projects. So construed, the exception would apply when the excavation is for "road construction," "widening," "repair," or when the excavation is a "grading project provided for in section 86-334."

■ We disagree with this interpretation. A court must place on a statute a reasonable construction which best achieves the statute's purpose, rather than a construction which would defeat the statute's purpose. *A-1 Metro Movers v. Egr*, 264 Neb. 291, 647 N.W.2d 593 (2002); *Premium Farms v. County of Holt*, 263 Neb. 415, 640 N.W.2d 633 (2002). The district court's expansive construction of the notice exception would, to a large degree, negate the purpose of the Act. We think it is significant that the phrase "road construction, widening, repair, or grading project" used in § 76-2321(1) corresponds to language in § 86-334, which provides:

Whenever any county or township *road construction, widening, repair, or grading project* requires, or can reasonably

be expected to require, the performance of any work within six feet of any telephone, electric transmission, or electric distribution line or its poles or anchors, notice to the owner of such line, poles, or anchors shall be given by the respective county or township officers in charge of such projects. Such notice shall be given at least thirty days prior to the start of any work when, because of *road construction, widening, repair, or grading*, or for any other reason, it is necessary to relocate such line or any of its poles or anchors.

(Emphasis supplied.) Because the exception to the notice requirement in § 76-2321(1) mirrors the language used to define the scope of § 86-334, we conclude that the exception is intended to apply only with respect to those projects falling within that scope.

The remaining question, then, is whether the road construction project on which Theisen was working at the time it cut Galaxy's fiber-optic cable falls within § 86-334. The plain language of that statute provides that it is applicable to road construction, widening, repair, or grading projects, undertaken by counties and townships, which require work within 6 feet of any telephone, electric transmission, or electric distribution lines and related structures. The statute makes no reference to similar work on state highway projects; nor does it include any reference to fiber-optic cable. Because Theisen was working on a state highway road construction project at the time it struck and damaged Galaxy's fiber-optic cable, which fact is undisputed, the § 86-334 exception to the notice requirement in § 76-2321(1) is inapplicable. The district court erred as a matter of law in determining that Theisen's failure to provide notice within 10 days prior to the excavation fell within the exception set forth in § 76-2321(1).

Because it did not give proper and timely notice under the Act, Theisen is strictly liable for the cost of all repairs to Galaxy's fiber-optic cable under § 76-2324. The district court therefore erred as a matter of law in failing to grant Galaxy's motion for partial summary judgment on its strict liability claim. This error necessitates a reversal and remand for a determination of damages, and because Galaxy sought the same damages under each of its alternate theories of recovery, we need not reach Galaxy's assignment of error relating to its negligence claim.

## CONCLUSION

The notice given to Diggers Hotline by Theisen was given more than 10 days prior to the commencement of the excavation that resulted in damage to Galaxy, and the notice exception in § 76-2321 does not apply to the undisputed facts of this case. The judgment of the district court is reversed, and the cause is remanded for further proceedings to determine the amount of damages which Galaxy is entitled to recover for the cost of repairing the cable damaged by Theisen.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

HENDRY, C.J., not participating.