909 So.2d 555 (2005)
Thomas MARTIN and Jane Martin, Appellants,
v.
FLORIDA POWER AND LIGHT COMPANY, A Florida Corporation, and Nocuts, Inc., Appellees.
No. 4D04-3096.
District Court of Appeal of Florida, Fourth District.
August 31, 2005.
Keith A. Schafer of Chikovsky, Ben & Schafer, Hollywood, for appellants.
Alex P. Rosenthal and Jennifer S. Rao of Reimer & Rosenthal LLP, Weston, for appellees.
PER CURIAM.
The plaintiffs appeal an adverse summary judgment. They argue the trial court erred because genuine issues of material fact exist concerning the liability of the defendants. We disagree and affirm.
On April 30, 1998, the City of Margate phoned in a locate request to One-Call[1] *556 for excavation work to be performed at 865 S.W. 50th Terrace on May 4, 1998. However, the City did not commence work until May 12, 1998. When it did begin work, the City excavated 875 S.W. 50th Terrace, not 865.
While excavating the property at 875 S.W. 50th Terrace, the plaintiff's boss discovered electrical wires and asked the plaintiff to hold them out of the way. When he did so, he sustained injury from an electrical shock.
The plaintiffs filed a worker's compensation claim against the City of Margate and a lawsuit against Florida Power and Light (F P & L) and Nocuts, its utility locating contractor. They alleged they had a duty to mark the location of the electric wires with red paint prior to the City's excavation of the area based upon the City's Locate Request. However, neither the plaintiff nor his employer ever contracted F P & L or No-cuts to perform any underground utility locating services for the excavation which led to the incident on May 12, 1998.
F P & L and Nocuts filed motions for summary judgment. Their arguments were two-fold. First, the locate request was restricted to the property located at 865 S.W. 50th Terrace and did not include the adjoining property at 875 S.W. 50th Terrace. Second, they were not liable because the excavation was commenced outside the time limits established by section 556.105, Florida Statutes (1997).
The plaintiffs filed depositions in opposition to the motions for summary judgment. After receiving memoranda of law from both sides, the trial court granted the motions and entered a final summary judgment in favor of the defendants.
The plaintiffs argue the trial court erred when it granted summary judgment because there are genuine issues of material fact concerning the area covered by the locate request. We disagree and affirm on both grounds relied upon by the trial court. We write specifically to address section 556.105, Florida Statutes (1997).
The standard of review of a final summary judgment is de novo. See Cohen v. Arvin, 878 So.2d 403 (Fla. 4th DCA 2004). We review the judgment to determine if there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law.
Regarding the locate request, there is no genuine issue of material fact. The evidence is clear. Linda Waczkowski, the representative of One-Call, testified the locate request was confined to 865 S.W. 50th Terrace. The locate ticket also indicates the locate request is limited to a single property: 865 N.W. 50th Terrace. The City does not dispute this fact. Neither the limit of the request nor the extent of liability is changed by the fact that the water meter was on the property line.
Section 556.101, Florida Statutes (1997), known as the Underground Facility Damage Prevention and Safety Act (UFDPSA), creates uniform statewide procedures for determining the existence of underground utilities prior to excavation. One-Call eliminated the need for excavators to contact each utility individually to determine the existence of underground facilities in the area to be excavated.
Under section 556.105(1)(a), Florida Statutes (1997), not less than two, nor more than five business days before beginning an excavation, an excavator must notify One-Call of its intent to excavate. It must provide information including the *557 name and telephone number of the excavator, the street address where the excavation will be performed, the commencement date and anticipated duration of the excavation, and the type of work to be done. Id. One-Call then records the information and generates a written record of the locate request known as a "locate ticket." See § 556.105(2), Fla. Stat. (1997). One-Call is required to promptly route the notification to operators of underground facilities to make sure they can determine whether the proposed excavation is in proximity to or in conflict with their underground facilities. See § 556.105(4), Fla. Stat. (1997).
When an underground facilities operator determines the proposed excavation is in proximity to or in conflict with its underground facilities, the operator is then required to identify the horizontal route of the facility by using "stakes, paint, flags, or other suitable means within 48 hours" (exclusive of non-business days) of its receipt of the notification. See § 556.105(5), Fla. Stat. (1997). If the excavation is determined not to be near an existing underground facility, the operator must notify the excavator within 48 hours (exclusive of non-business days) from the time of the notification to the system that no conflict exists and the area is clear. See § 556.105(9), Fla. Stat. (1997). An excavator may not proceed with the excavation until that 48-hour period has expired. See § 556.105(6), Fla. Stat. (1997).
In this case, the City had the statutory obligation to timely notify the underground utilities operators by use of the One-Call system. However, the City specified 865 S.W. 50th Terrace instead of 875 S.W. 50th Terrace. In addition, the locate request had expired by the time the City of Margate began its work. In short, the plaintiff and the City of Margate failed to comply with the Act. That noncompliance exculpates both F P & L and No-Cuts from liability for two reasons: (1) the location was wrong, and (2) commencement of the excavation was untimely.
The City notified One-Call of its excavation plans on April 30, 1998. According to the statutory scheme, the City should have begun its excavation between May 4th and 6th because May 2nd and 3rd were not business days. However, the City did not begin the excavation until May 12th.
The time frame provided by the UFDPSA serves valid policy considerations. Utility markings consist of paint, stakes, or flags, and are inherently temporary. They are subject to removal by ordinary daily occurrences such as the weather, sprinklers, parked cars, mowed lawns, and children playing.
"In construing a statute, courts must follow what the legislature has written and neither add, subtract, nor distort the words written." State v. Byars, 804 So.2d 336, 338 (Fla. 4th DCA 2001). "If the language of the statute is clear and unambiguous, courts enforce the law according to its terms and there is no need to resort to rules of statutory construction." Fla. Dep't of Revenue v. Fla. Mun. Power Agency, 789 So.2d 320, 323 (Fla.2001).
Section 556.105(1)(c), Florida Statutes (1997) states: "[i]nformation provided by an excavator shall be considered valid for a period of 20 calendar days after each date such information is provided to the system." However, when read in conjunction with the other provisions of the statute, its meaning becomes clear. A locate request issued in compliance with the statutory time frame remains valid for 20 days from the date the request is made. And to be properly made, "tickets need to be requested by an excavator not less than two nor more than five full business days before beginning excavation and should be limited to work that will begin within five *558 days and will be completed within 20 calendar days." See Sunshine State One-Call of Florida, Inc., Excavation Guide, at 23 (Oct.2002) (emphasis added). To construe the 20-day period in the manner suggested by the plaintiff would render the five-day provision of the statute meaningless.
Florida courts have not yet spoken on the interpretation of these time provisions as they relate to liability. However, other states have had the chance to consider similar statutes. See, e.g., Galaxy Telecom, L.L.C. v. Theisen & Sons, Inc., 265 Neb. 270, 656 N.W.2d 444 (2003) (excavator was strictly liable to utility owner for damages to the cable because it made its locate request more than 10 days before starting the excavation).
At common law, there was no duty to mark the underground utilities. Regardless, the UFDPSA supercedes any common law on the same subject. Hardick v. Homol, 795 So.2d 1107 (Fla. 5th DCA 2001) (Common law is in effect only to the extent it is not modified or superceded by statute). To allow the plaintiff to pursue a negligence claim outside the statute would render the statute meaningless. See Corfan Banco Asuncion Paraguay v. Ocean Bank, 715 So.2d 967 (Fla. 3d DCA 1998).
The duty claimed to have been breached by Ocean Bank in its negligence count is exactly the same duty established and now governed by the statute. Under such circumstances we agree with the trial judge that the statutory scheme preempts the negligence claim in this case and affirm the dismissal of count two. . . .
Id. at 971. The court also noted that "allowing a negligence claim in this case would `create rights, duties and liabilities inconsistent' with those set forth in section 670.207." Id.
For the reasons set forth above, we affirm the trial court's final summary judgment.
STONE, SHAHOOD and MAY, JJ., concur.
NOTES
[1] "One Call" is short for Sunshine State One-Call of Florida, Inc. It is a statutorily-created, not-for-profit corporation, which serves as the interface between excavators and various underground facilities operators. See § 556.103, Fla. Stat. (1997). It operates a toll-free telephone number that allows excavators to give notification to all utilities in a single phone call of their intent to engage in excavation. See § 556.104, Fla. Stat. (1997).