LOREE ZACH, INDIVIDUALLY AND AS PARENT, NATURAL
GUARDIAN AND NEXT FRIEND OF ANDREW ZACH ET AL.,
MINOR CHILDREN, APPELLANT, V. PATTI EACKER, AS PARENT,
NATURAL GUARDIAN AND NEXT FRIEND OF PRESTON ZACH
ET AL., MINOR CHILDREN, APPELLEE.

716 N.W.2d 437

Filed June 23, 2006.    No. S-05-290.

James G. Egley, of Moyer, Moyer, Egley, Fullner & Montag, for appellant.

Kathleen Koenig Rockey and Michelle M. Baumert, of Copple & Rockey, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

The Public Employees Retirement Board (Board) determined that the noncustodial minor children of deceased Nebraska State Trooper Mark Zach are entitled to share in his retirement death benefits along with his surviving spouse and their four children under Neb. Rev. Stat. § 81-2026(3) (Reissue 1999). The district court affirmed on review, and we affirm the judgment of the district court.

## BACKGROUND

Zach died on September 27, 2002. On the date of his death, Zach was a trooper on active duty with the Nebraska State Patrol. He was a member of the Nebraska State Patrol Retirement System (NSPRS), the general administration of which is vested in the Board. Neb. Rev. Stat. § 81-2019 (Reissue 1999). Zach was survived by his wife, appellant Loree Zach (Loree), and seven children. Zach and Loree had four children who all lived with them at the time of Zach's death. Zach's other three children were from his previous marriage to appellee Patti Eacker (Eacker), with whom they resided. All seven children were under the age of 19 when Zach died. He had listed each of them in a supplemental registration form that he had submitted to the NSPRS on June 30, 2001. NSPRS uses registration and supplemental registration forms as proof of beneficiary status.

On October 18, 2002, Loree filed an application with NSPRS seeking death benefits pursuant to § 81-2026(3). Loree sought benefits on behalf of herself as Zach's surviving spouse and on behalf of the couple's four children who lived with her. Loree did not include the names of Zach's other three children on the application. NSPRS began making annuity payments to Loree at the level of 100 percent of Zach's death benefit.

In December 2002, Eacker sought benefits on behalf of Zach's three other minor children. The NSPRS benefits manager originally found that § 81-2026(3)(a) required that 100 percent of Zach's death benefits be paid to Loree as the surviving spouse and to those children who lived with her; by implication, Zach's three noncustodial children could not share in the benefits. This decision was later reversed by the NSPRS director, who concluded that under § 81-2026(3)(c), the benefit must be divided in an equitable manner to also recognize the interests of Zach's

children who resided with Eacker. The director determined that the adjustment would be applied prospectively and notified both Eacker and Loree of her decision.

Loree appealed, and a hearing was held. The Board denied the appeal based upon the hearing officer's recommendation. Loree filed a petition for review in the district court for Lancaster County, which affirmed the decision of the Board. Loree filed this appeal, which we moved to our docket pursuant to our statutory authority to regulate the caseloads of the appellate courts of this state. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## ASSIGNMENTS OF ERROR

Loree assigns, renumbered, that the district court erred in (1) finding that § 81-2026(3) was ambiguous and subject to construction and (2) finding that Zach's minor children who resided with his former spouse at the time of his death are entitled to death benefits under § 81-2026(3).

## STANDARD OF REVIEW

A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Mortgage Elec. Reg. Sys. v. Nebraska Dept. of Banking*, 270 Neb. 529, 704 N.W.2d 784 (2005). Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below. *American Employers Group v. Department of Labor*, 260 Neb. 405, 617 N.W.2d 808 (2000).

## ANALYSIS

The dispute in this case is whether the Board erred in determining that Zach's children residing with Eacker are entitled under § 81-2026(3) to share equally with his other children in annuity benefits due from NSPRS. The matter is one of statutory interpretation.

Allocation of benefits from NSPRS is governed by the Nebraska State Patrol Retirement Act, Neb. Rev. Stat. §§ 81-2014 through 81-2040 (Reissue 1999 & Cum. Supp. 2002). At the time of Zach's death in 2002, § 81-2026(3) governed the relevant survival benefits and read in part:

> Upon the death of an officer before retirement, benefits shall be provided as if the officer had retired for reasons of disability on the date of such officer's death as follows: (a) To the surviving spouse, regardless of the length of time the spouse and officer had been married, and dependent child or children of the officer under the age of nineteen years in such spouse's care, the benefit shall be one hundred percent of the amount of such officer's annuity until such time as the youngest dependent child attains the age of nineteen years after which time the benefit shall be reduced to seventy-five percent of the officer's annuity for the remainder of his or her life or until he or she remarries; (b) if there is no spouse living at the date of the officer's death, his or her child or children, if any, shall continue to receive seventy-five percent of the amount of such officer's annuity until such time as the youngest child attains the age of nineteen years; (c) if there is more than one child of the officer under the age of nineteen years at the date of the officer's death, the benefit shall be divided equally among such children and, as they attain the age of nineteen years, only the child or children under the age of nineteen years shall participate therein; and (d) if there is no child or children of the officer under the age of nineteen years living at the date of the officer's death, the surviving spouse, regardless of the length of time the spouse and officer had been married, shall receive seventy-five percent of the amount of such officer's annuity for the remainder of his or her life or until he or she remarries. If no benefits are paid to a surviving spouse or dependent children of the officer, benefits will be paid as described in subsection (1) of section 81-2031.

For the sake of completeness, we note that § 81-2026 was amended in 2004. 2004 Neb. Laws, L.B. 1097, § 30. As this claim arose prior to the amended version of the statute, we refer

in this opinion to the version of the statute in effect in 2002, unless otherwise noted.

Loree contends that § 81-2026(3) clearly excludes Eacker's children from sharing in Zach's annuity because Zach left a surviving spouse and that only she, as his surviving spouse, and Zach's four children "in such spouse's care," are entitled to benefits under subsection (a). Eacker argues that subsection (c) clearly provides that all of Zach's minor children are to receive benefits, regardless of whose care they are in, or, alternatively, that the provision is ambiguous as to the issue. The district court found that the subsections within § 81-2026(3) acted to create an ambiguity and that the legislative intent supported the Board's finding that all seven of Zach's children were meant to benefit under § 81-2026(3).

### SECTION 81-2026(3) IS AMBIGUOUS

In order for a court to inquire into a statute's legislative history, the statute in question must be open to construction, and a statute is open to construction when its terms require interpretation or may reasonably be considered ambiguous. *American Employers Group v. Department of Labor*, 260 Neb. 405, 617 N.W.2d 808 (2000). A statute is ambiguous when the language used cannot be adequately understood either from the plain meaning of the statute or when considered in pari materia with any related statutes. *Unisys Corp. v. Nebraska Life & Health Ins. Guar. Assn.*, 267 Neb. 158, 673 N.W.2d 15 (2004).

We agree with the district court that § 81-2026(3) is ambiguous. The ambiguity arises from the use within the provision of the conjunctive "and," which suggests that more than one subparagraph may apply, and from the use of the phrase "in such spouse's care" in subsection (a), which appears to create a situation contrary to that proposition in the circumstances of this case. Rather than requiring that one provision be given effect to the exclusion of another, the conjunctive connector "and" typically suggests in legislation that more than one subparagraph might apply to any given circumstances. See *Rodriguez v. Monfort, Inc.*, 262 Neb. 800, 635 N.W.2d 439 (2001). The phrase "in such spouse's care" used in subsection (a) appears to limit the children who can benefit when a trooper also leaves a surviving spouse, whereas subsection (c) appears to contemplate that all surviving

children will share equally in the benefit. Thus, an ambiguity is created where, as here, there are surviving children who are physically in the custody of the surviving spouse and there are also surviving children in the custody of another person.

### INTERPRETATION OF § 81-2026(3)

We further agree with NSPRS and the district court that an interpretation of § 81-2026(3) excluding three of Zach's minor children would be inconsistent with the legislative intent of the statute.

■ A sensible construction will be placed upon a statute to effectuate the object of the legislation rather than a literal meaning that would have the effect of defeating the legislative intent. *A-1 Metro Movers v. Egr*, 264 Neb. 291, 647 N.W.2d 593 (2002); *Fontenelle Equip. v. Pattlen Enters.*, 262 Neb. 129, 629 N.W.2d 534 (2001). The NSPRS was established in 1947 to "provide certain retirement and other benefits" for officers of the Nebraska State Patrol. 1947 Neb. Laws, ch. 211, § 2, p. 687 (codified at Neb. Rev. Stat. § 60-442 (Reissue 1952) and, currently, § 81-2015 (Reissue 1999)). The officer death benefit found in § 81-2026 was initially added in 1953 to provide benefits for an officer's widow and/or children upon the officer's death after retirement. 1953 Neb. Laws, ch. 333, § 2, p. 1093 (codified at Neb. Rev. Stat. § 60-452.01 (Cum. Supp. 1953)). In 1957, the preretirement benefit was added. 1957 Neb. Laws, ch. 276, § 1, p. 1004 (codified at § 60-452.01 (Reissue 1968)). In 1969, the statute was amended to provide that a greater percentage of the annuity be paid out when the trooper left behind both a widow and children. 1969 Neb. Laws, ch. 511, § 8, p. 2095 (codified at § 60-452.01 (Cum. Supp. 1969)). Throughout the history of the statute, it is clear that the Legislature intended that a deceased trooper's annuity would benefit his or her surviving children whether or not the trooper left a surviving spouse. However, the version of the statute in effect in 2002 did not clearly address the circumstance in which some surviving children resided with the deceased trooper's spouse while others resided with a former spouse, resulting in the ambiguity noted above.

We are guided by the Legislature's original intent to provide benefits to the surviving members of a trooper's family. We note that the 2004 amendments to § 81-2026(3) resolve the ambiguity

and specifically address the circumstance where a trooper leaves a surviving spouse with minor children in his or her care, and also leaves minor children in the care of another. 2004 Neb. Laws, L.B. 1097, § 30 (codified at § 81-2026 (Cum. Supp. 2004)). The amended provision is consistent with the Board's decision and the district court's interpretation of the statute in this case which, in turn, is consistent with the original legislative intent.

## CONCLUSION

Section 81-2026, as it existed in 2002, is ambiguous as to the proper distribution of a deceased trooper's annuity where there are surviving minor children who are not all in the care of a surviving spouse. It would be inconsistent with the intent of the Legislature to construe the statute so that Zach's three dependent children residing with his former spouse would be completely cut off from his benefits simply because they were not in the care of his widow. We agree with the district court that the Board correctly construed and applied the statute to distribute benefits to Loree, as Zach's surviving spouse, and to all seven of Zach's surviving minor children. Accordingly, we affirm the judgment of the district court.

AFFIRMED.