Introduction
You have asked this office for its opinion regarding the provisions of Neb. Rev. Stat. § 35-302 (2004) in connection with the plans of South Sioux City, Nebraska to hire two currently volunteer firefighters on a full-time basis as employees of the city. You indicate that the city plans on having these two firefighters work five 8-hour shifts, Monday through Friday, for a total of forty hours per week. You ask whether or not the terms of § 35-302 would prevent these two firefighters "from working additional hours to respond to fire and rescue calls during the evenings and weekends." You indicate that you will be proposing legislation amending § 35-302 to make clear that firefighters who work less than twenty-four hour shifts would not be prohibited from working such additional hours if our answer to your inquiry is in the affirmative.
The Language of § 35-302
Section 35-302 reads as follows:
 Firefighters employed in the fire departments of cities having paid fire departments shall not be required to remain on duty for periods of time which will aggregate in each month more than an average of sixty hours per week. Each single-duty shift shall consist of twenty-four consecutive hours and shall be followed by an off-duty period as necessary to assure compliance with the requirements of this section unless by voluntary agreement between the city and the firefighter, any firefighter may be permitted to work an additional period of consecutive time and may return to work after less than a twenty-four-hour off-duty period. Any firefighter may be assigned to work less than a twenty-four-hour shift, but in such event the firefighter shall not work in excess of forty hours per week. No firefighter shall be required to perform any work or service as such firefighter during any period in which he or she if off duty except in cases of extraordinary conflagration or emergencies or job-related court appearances. (Emphasis supplied.)
Rules Concerning Statutory Language
In responding to your inquiry regarding whether, under § 35-302, South Sioux City can expect the two forty-hours-per-week firefighters to work additional hours on evenings and weekends, it is important to bear in mind some of the basic rules concerning the application of statutory language. In State v. Atkins, 250 Neb. 315, 318, 549 N.W.2d 159, 162
(1996), the Nebraska Supreme Court stated the pertinent rules as follows:
 [A] statute is open for construction only when the language used requires interpretation or may reasonably be considered ambiguous. . . .
In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. . . . Nor is it within the province of the courts to read a meaning into a statute that is not there, nor to read anything direct and plain out of a statute. (Internal citations omitted.)
Accord, e.g., City of Elkhorn v. City of Omaha, 272 Neb. 867, 876,725 N.W.2d 792, 802 (2007); Hatcher v. Bellevue Volunteer Fire Department,262 Neb. 23, 30, 628 N.W.2d 685, 692 (2001). Further, a statute will be considered ambiguous only "when the language used cannot be adequately understood either from the plain meaning of the statute or when considered in pari materia with any related statutes." Zach v. Eacker,271 Neb. 868, 872, 716 N.W.2d 437, 441 (2006).
Analysis of § 35-302
Applying the foregoing rules concerning statutory language to §35-302, it appears that the language used therein is plain, readily understood and unambiguous.
The first two sentences of the statute, taken together, clearly reflect that firefighters are to work twenty-four hour shifts and that such shifts shall not "aggregate in each month more than an average of sixty hours per week." The second sentence further states that, after working a "single-duty shift" of twenty-four consecutive hours, a firefighter is to be given an off-duty period of such length as may be necessary to meet the "requirements of this section" — i.e., the aggregate average sixty hours per week requirement. Finally, the second sentence provides a means by which a city and a firefighter can agree that the firefighter may work "an additional period of consecutive time and may return to work after less than a twenty-four-hour off-duty period." There is nothing in this provision, however, to suggest that the city and the firefighter can agree to waive the aggregate average sixty hours per week requirement set forth in the first sentence. Rather, it simply allows the city and the firefighter to agree to shifts of longer than twenty-four hours and off-duty periods of less than twenty-four hours. The "average of sixty hours per week" limitation must still be complied with.
The third sentence of § 35-302 addresses the different situation in which a city assigns a firefighter to work shifts of less than twenty-four hours. It permits a city to make such an assignment, but goes on to state that "in such event the firefighter shall not work in excess of forty hours per week." There is nothing in the third sentence or any other provision of § 35-302 allowing the forty hours per week limitation to be exceeded by agreement of the city and the firefighter or in any other way.[1]
The last sentence of § 35-302 simply states that a firefighter may not be required to perform any service as a firefighter during off-duty periods "except in cases of extraordinary conflagration or emergencies or job-related court appearances." This provision does not amount to an exception allowing a firefighter who works less than twenty-four hour shifts to work more than forty hours in a week. Rather, it means only that any firefighter may be required, during his or her off-duty period, to respond to "extraordinary" conflagrations or emergencies or to make required court appearances. There is nothing to suggest, however, that any such responses to "extraordinary" fires or emergencies or court appearances would allow the aggregate average sixty hours per week (for firefighters working shifts of twenty-four hours or longer) or the forty hours per week (for firefighters working shifts of less than twenty-four hours) limitations to be breached.
Conclusion
In light of the foregoing analysis it appears that the third sentence of § 35 #8209;302 is directly applicable to the situation you have described in which South Sioux City will be assigning the two city-employed firefighters to shifts of less than twenty-four hours. The two firefighters will not be able to work in excess of forty hours per week. There is nothing in the statute which would permit the city and firefighters to "get around" the forty hours per week limitation.
Accordingly, if you wish to give South Sioux City and other cities having paid fire departments the flexibility to allow firefighters working less than twenty-four hour shifts to work more than forty hours per week, legislation amending § 35-302 will be necessary.
Obviously, we offer no opinion as to whether any such amendment to the statute would be wise or constitute good public policy since these are matters which must be addressed by the Legislature itself.
Sincerely,
JON BRUNING
Attorney General
Charles E. Lowe
Assistant Attorney General
Approved by:
_____________________________
Attorney General
[1] While our analysis of § 35-302 is limited to the plain meaning of the language used therein because there is no ambiguity, we, nonetheless, note that our conclusion about the "stand alone" nature of the third sentence is supported by legislative history of this provision. During a hearing on a proposed amendment which was adopted and incorporated this provision (and others) into the statute, the proponent of such amendment stated:
 [W]e propose the amendment to say that any fireman may be assigned to work less than twenty-four hour shifts, but in such event the fireman shall not work in excess of forty hours per week. Now, this is designed primarily to cover the chief, the training officer, fire inspectors, and people of this type who are presently working forty hours a week or eight or nine hours a day, as the case may be, and should not be and were not intended to be under the provisions requiring a maximum of sixty hours and twenty-four hour shifts.
Committee Records on LB 773, 82nd Neb. Leg., 1st Sess. 4 (March 4, 1971) (Emphasis supplied.)